78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sofia Rosario BRAVO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sofia Rosario Bravo, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of her application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for an abuse of discretion, see Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995); Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991), and deny the petition.
 
 
 3
 Bravo contends that the BIA abused its discretion by failing to issue a reasoned opinion when it affirmed the IJ's decision that Bravo failed to establish "extreme hardship" sufficient to warrant a suspension of deportation.
 
 
 4
 The BIA is required to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." See Hassan, 927 F.2d at 467. The BIA's adoption of an IJ's decision meets this requirement if the BIA makes clear in its opinion that it is adopting the IJ's decision and if it is apparent that the BIA gave individualized consideration to the particular case before it. See Alaelua, 45 F.3d at 1382. When the BIA clearly incorporates the IJ's opinion, we treat the IJ's statement of reasons as the BIA's, and review the IJ's decision. See id. Suspension of deportation based on a finding of "extreme hardship" is an exceptional remedy and the BIA has the authority to construe "extreme hardship" narrowly. See INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981) (per curiam); Hassan, 927 F.2d at 467.
 
 
 5
 Here, in affirming the IJ's decision, the BIA stated that it had "reviewed the record of proceedings, the immigration judge's decision, and the respondent's contentions on appeal" and found that the IJ had "adequately and correctly addressed the issues raised on appeal." This is sufficient to meet the requirement that the BIA state its reasons and show proper consideration of all factors before denying relief; the BIA did not have to discuss the relevant factors in its own words. See Alaelua, 45 F.3d at 1381. Furthermore, in light of Bravo's failure to present sufficient concrete evidence that she would be unable to find employment in Nicaragua, that she had close family members residing legally in the United States, or that she was strongly involved in her community, the district court did not abuse its discretion by finding that Bravo had not presented factors constituting "extreme hardship." See Jong Ha Wang, 450 U.S. at 143.
 
 
 6
 Accordingly, Bravo's petition for review is
 
 
 7
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3